UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER REECE,

        Plaintiff,                        Civil Action No. 11-CV-11814

    v.                                District Judge Lawrence P. Zatkoff
                                        Magistrate Judge Laurie J. Michelson

STEVEN RIVARD, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [10], AND
ORDER DENYING PLAINTIFF'S MOTION TO AMEND [13],
AND DISMISSING AS MOOT PLAINTIFF'S MOTION PLEADING [12]**

Plaintiff Christopher Reece ("Plaintiff"), a Michigan Department of Corrections ("MDOC") inmate proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983 alleging that Defendants Patricia Caruso, Brenda Holland, Joseph McDaid, Brian Patrick and Steven Rivard violated his constitutional rights by placing him in segregation on false misconduct charges. All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 5.) Presently before the Court is Defendants' Motion for Summary Judgment. (Dkt. 10, Defs.' Mot. Summ. J.) Also before the Court is Plaintiff's Motion to Amend the Complaint to add Prosecuting Attorney Keith J. Kushion and Detective Sargent Steven Benn as defendants. (Dkt 13, Pl.'s Mot. Amend.)

For the following reasons, this Court recommends GRANTING Defendants' Motion for Summary Judgment and DISMISSING Plaintiff's entire Complaint WITH PREJUDICE. This Court also DENIES Plaintiff's Motion to Amend as futile, and Plaintiff's Motion Pleading as moot.

**I. BACKGROUND**

    **A. Facts**

Plaintiff alleges that on October 22, 2010, while he was incarcerated at the Saint Louis Correctional Facility, Defendant McDaid filed a false misconduct report against him for possession of a weapon, a 5 ½ inch metal rod sharpened to a point at one end. (Dkt. 1, Compl.; Dkt. 10, Defs.' Mot. Summ. J., Ex. E.) As a result, Defendant McDaid took Plaintiff to segregation. (*Id.*)

On October 29, 2010, Plaintiff filed a grievance regarding Defendant McDaid. (Dkt. 10, Defs.' Mot. Summ. J., Ex. D.) The grievance stated that Defendant McDaid "set [Plaintiff] up" with regard to the misconduct report. (*Id.*) On that same day, Grievance Coordinator Parsons returned the grievance to Plaintiff indicating that the misconduct was not grievable: "Your grievance is being returned to you without processing for reason [sic] that the issue(s) contained in the grievance are non-grievable per policy." (*Id.*)

Defendant Brenda Holland conducted an investigation into the misconduct pursuant to MDOC Policy Directive 03.03.105. (Dkt. 10, Defs.' Mot. Summ. J., Ex. E.) Hearings Officer W. Groat conducted a hearing on the issue on November 1, 2010. (*Id.*) At the hearing, several reports were submitted to Officer Groat including: the misconduct report, Plaintiff's statement, a statement from Officer Nelson, the officer that restrained Plaintiff, a statement from Officer McDaid, a photo of the weapon, and a statement from Officer Luna, the officer who found the weapon on the ground next to Plaintiff. (*Id.*) Officer Groat found that Plaintiff was guilty of possession of a weapon. (*Id.*) As a result, Officer Groat ordered that the weapon be "turned over to the Michigan State Police in accordance with PD 04.07.112." (*Id.*) Officer Groat ordered that Plaintiff receive 30 days of detention and loss of privileges beginning on November 1, 2010 and ending on December 1, 2010.

(*Id*.)

At some point, Defendant Patrick indicates that "[t]he information was turned over to Detective Sergeant Steven Been, Michigan State Police." (*Id*. at Ex. G.) Subsequently, the state brought a felon in possession charge against Plaintiff, and Attorney Keith J. Kushion prosecuted the case. (Dkt. 1, Compl.)

On November 8, 2010, Plaintiff filed a Step II grievance. (Dkt. 10, Defs.' Mot. Summ. J., Ex. E.) In that grievance, Plaintiff stated that his Eighth Amendments rights were violated by the detention order. (*Id*.) He also claimed that Defendant Holland did not present exculpatory evidence at the hearing. (*Id*.) Lastly, he reiterated that Defendant McDaid "set [him] up." (*Id*.)

Defendant Rivard denied the Step II grievance, indicating that the proper avenue for Plaintiff was the "misconduct appeals/rehearings process." (*Id*.)

Plaintiff appealed the Step II denial with a Step III grievance. (*Id*.) In that grievance Plaintiff indicated his knowledge of the policy directives: "I am aware of policy directive 03-02-130." (*Id*.) Plaintiff also stated that "it is essential that I proceed [sic] my grievance process so that I can file a 1983 civil suite [sic]." (*Id*.)

On January 21, 2011, a grievance specialist denied Plaintiff's Step III grievance. (*Id*.)

On February 16, 2011, a jury in Gratiot County found Plaintiff "not guilty" of the felon in possession charge. (Dkt. 1, Compl.)

3

### B.  Procedural History

Plaintiff filed this suit on April 26, 2011.  (Dkt. 1, Compl.)  On July 8, 2011, Defendants filed a Motion for Summary Judgment.  (Dkt. 10, Defs.' Mot. Summ. J.)  Plaintiff filed a Motion to Amend to add the names of two new defendants on July 15, 2011.  (Dkt. 13, Mot. Amend.)  On that same day, Plaintiff filed a "Motion Pleading," essentially asking that certain discovery be ordered produced.  (Dkt. 12, Mot. Plead.)

## II. ANALYSIS

### A.  Legal Standards

#### *1. Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only if it might affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.  The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must

prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### 2. *Sua Sponte Dismissal for Failure to State a Claim*

Plaintiff is a prisoner proceeding *in forma pauperis*. Thus, under 28 U.S.C. § 1915(e)(2) this Court may *sua sponte* dismiss Plaintiff's Complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Where, as here, a plaintiff is proceeding without the assistance of counsel, the Court liberally construes the complaint and holds Plaintiff to less stringent pleading standards than those imposed upon an attorney. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Even so, pro se complaints must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and must also "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

### 3. *Exhaustion under the Prisoner Litigation Reform Act ("PLRA")*

The failure to exhaust is an affirmative defense to a civil suit brought by a prisoner. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The PLRA bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a);

5

*see also Jones*, 549 U.S. at 918-19. The exhaustion prerequisite applies to all inmate suits about prison life — regardless of the nature of the wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (rejecting claim that prisoner had no duty to exhaust where monetary damages could not be awarded through the administrative process; reasoning that "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). Moreover, a prisoner must "properly" exhaust his claims, which requires "'complet[ing] the administrative review process in accordance with the applicable procedural rules— rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

   *4. Motion for Leave to Amend Pursuant to Rule 15*

Generally, courts are liberal in allowing parties to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962). There are, however, several reasons to deny motions to amend. *Id*. One of these reasons is "futility." *See id*.

"The standard of futility is whether a proposed amendment would withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Boling v. Corr. Med. Servs.*, 2007 U.S. Dist. LEXIS 80479 (E.D. Mich. 2007).

   **B. Defendant Patricia Caruso Is Entitled to Summary Judgment**

Plaintiff's Complaint contains no allegations regarding Defendant Caruso, other than her title – Director of MDOC. (Dkt. 1, Compl.) It is well-established that supervisory liability under § 1983 "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159

F.3d 199, 206 (6th Cir. 1998)). Supervisors are not liable under § 1983 merely because they are aware of an alleged violation and fail to act — this holds even if the omission is the "failure [to] remedy the ongoing effects of a constitutional violation." *King v. Zamiara*, No. 4:02-cv-141, 2009 WL 1067317, at *2 (W.D. Mich. Apr. 21, 2009) (citing *Shehee*, F.3d at 300); *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the MDOC director] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Seaton v. Sova*, No. 1:08-cv-1131, 2009 WL 2132728, at *9 (W.D. Mich. July 10, 2009) ("[Section] 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.").

Given the foregoing authority, Defendant Caruso should be dismissed for lack of personal involvement. Consistent with this, Defendant Caruso indicates in her affidavit that she "had no personal involvement in the allegations which form a basis for the Plaintiff's Complaint." (Dkt. 10, Defs.' Mot. Summ. J., at Ex. C.) Plaintiff has offered no evidence in rebuttal. Thus, there is no proof that Defendant Caruso "approved[] or knowingly acquiesced in unconstitutional conduct." *Shehee*, 199 F.3d at 300. Indeed, even if Plaintiff is somehow claiming that Plaintiff should have done something with respect to his grievance, this claim is not enough to survive summary judgment. *Horton*, 137 F. App'x at 775. Therefore, this Court recommends that Defendants' Motion for Summary Judgment with regard to Defendant Caruso be granted.

### C. Defendant Steven Rivard is Entitled to Summary Judgment

The Complaint also makes no allegations about how Defendant Rivard violated Plaintiff's

Constitutional rights. (Dkt. 1, Compl.) Looking at the attachments to Defendants' Motion for Summary Judgment, it appears that Defendant Rivard responded to Plaintiff's Step II grievance. (Dkt. 10, Defs.' Mot. Summ. J. at Ex. D.) Therefore, this Court infers that Plaintiff's claim against Plaintiff Rivard is that he failed to remedy the alleged constitutional wrong caused by Defendant McDaid. (*Id.*)

As stated above, a court may not impose liability under 42 U.S.C. § 1983 on a defendant simply because that defendant denied an administrative grievance or failed to act based upon information contained in the grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Claims that are based simply on the denial of a grievance do not state a claim of constitutional dimension." *Newson v. Steele*, No. 09-10346, 2010 U.S. Dist. LEXIS 58075 (E.D. Mich. Jan. 14, 2010) (citations omitted). Pursuant to this law, Plaintiff fails to state a claim against Defendant Rivard. *See also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Alder v. Corr. Medical Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension.").

### D. Defendant Holland is Entitled to Summary Judgment

Plaintiff's Complaint states that Defendant Holland "conducted the investigation for my Administrative hearing." (Dkt. 10, Compl.) Plaintiff's Step II grievance states that Defendant Holland did not present exculpatory evidence at the hearing. (Dkt. 10, Defs.' Mot. Summ. J., Ex. E.)

Paragraph F(2) of Policy Directive 03.02.130 provides that "issues directly related to the

hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing)" are not grievable. (Dkt. 10, Defs.' Mot. Summ. J., at Ex. A.) Plaintiff asserts that Holland, as the hearings investigator who collected factual information regarding the major misconduct charge levied against Plaintiff, violated his constitutional rights by failing to present exculpatory evidence at the hearing. (Dkt. 10, Defs.' Mot. Summ. J., at Ex. E.) As Defendant Holland's conduct occurred after charges were brought against Plaintiff, and her investigation was initiated for the sole purpose of the upcoming misconduct hearing on those charges, Defendant Holland's actions were arguably part of the "hearing process." *Dorch v. Crittendon*, No. 09-13936, 2010 WL 5390175, at *4 (E.D. Mich. Dec. 22, 2010) (noting that the three examples in paragraph F(2) "directly relate to the *process of presenting a hearing designed to investigate* and resolve relevant complaints." (emphases added)). Therefore, Defendant Holland's allegedly wrongful acts may not have been grievable under paragraph F(2), and it is questionable whether Defendant Holland can raise exhaustion as a shield against suit.

However, Plaintiff is a prisoner proceeding *in forma pauperis*. Thus, under either 28 U.S.C. § 1915(e)(2) or § 1915A(b)(1) this Court may sua sponte dismiss Plaintiff's claims against Defendant Holland if it determines that his due process allegations fail to state a claim upon which relief can be granted. The Court recommends dismissal on this ground.

Procedural Due Process claims are examined in two distinct stages. *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002) (citing, *inter alia*, *Bd. of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). "First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right [does a court] continue to consider whether the deprivation of that

9

interest contravened notions of due process." *Id.* Although the Due Process Clause provides procedural safeguards where there is a protected liberty or property right, the Constitution does not create such property interests. *Id.* (citing *Cleveland v. Bd. of Educ. of Loudermill*, 470 U.S. 532, 538 (1985)). "Instead, they are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .'" *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court found that a prisoner has a protected liberty interest in good-time credits:

> [T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Id.* at 557.

However, under Michigan law, since Plaintiff is incarcerated for offenses committed after April 1, 1987, Plaintiff does not qualify for good time credits but instead may earn disciplinary credits or disciplinary time. *Offender Tracking Information System*, http://www.state.mi.us/OTIS2 (last checked August 23, 2011); Mich. Comp. Laws §§ 800.33(1), (3), 800.34(5); *see also LaFountain v. Harry*, No. 1:10-cv-943, 2011 WL 976461, at *6 (W.D. Mich. Mar. 16, 2011). In *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), the Sixth Circuit held that the disciplinary credit system was not a good-time credit program, because it did not necessarily affect the length of a prisoner's sentence. Accordingly, Plaintiff was not deprived of the type of liberty interest at issue in *Wolff*. *See Nali v. Michigan Dept. of Corrections*, No. 2:10-cv-29, 2011 WL 1598990, at *4-5,

10

(W.D. Mich. Apr. 27, 2011) (holding, where plaintiff alleged that hearings investigator failed to investigate a misconduct ticket, "[u]nless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails.").

In addition, Plaintiff's misconduct conviction did not result in a "significant, atypical deprivation." *Id.* at *5 ("Even in the absence of a protectible liberty interest in disciplinary credits, an [MDOC] prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation."). Here, Plaintiff was given 30 days of detention and 30 days of lost privileges. (Dkt. 10, Defs.' Mot. Summ. J. at Ex. E.) Courts have found that very similar punishments do not constitute significant, atypical deprivations. *Hall v. Fuqua*, No. 10-CV-13350, 2010 WL 3768345, at *2 (E.D. Mich. Sept. 21, 2010) ("Plaintiff's claims are frivolous and fail to state a claim because his detention in segregation and loss of privileges for thirty days were not 'atypical and significant hardship[s] on [him] in relation to the ordinary incidents of prison life.'" (quoting *Sandin v. Connor*, 515 U.S. 472 (1995))).

Accordingly, the Court recommends that Defendants' Motion for Summary Judgment with regard to Defendant Holland be granted.

### E. Defendant Brian Patrick is Entitled to Summary Judgment

Plaintiff states that Defendant Brian Patrick "was the complaining witness on the Felony Complaint asking Gratiot County prosecuting Attorney Keith J. Kushion to prosecute me." (Dkt. 1, Compl.) Defendant Patrick does not dispute this allegation in his affidavit. (Dkt. 10, Defs.' Mot. Summ. J., Ex. G.) However, Defendant Patrick seems to state that his role as the complaining witness is part and parcel of the hearing process on Plaintiff's misconduct charge. (*Id.*)

As pointed out by Patrick, MDOC Policy Directive 03.03.105 states: "A misconduct which

is a felony shall be referred to the appropriate law enforcement agency as well as being pursued through the Department disciplinary process." (*Id*. at Ex. E.)

Defendants' brief does not provide very helpful or useful guidance to the Court with regard to whether Patrick's role as the "complaining witness on the Felony Complaint" is "directly related to the hearing process." *Dorch*, 2010 WL5390175 at *4. As stated above, the examples listed in paragraph F(2) of Policy Directive 03.02.130 are: sufficiency of witness statements, timeliness of misconduct review, and timeliness of hearing. (Dkt. 10, Defs.' Mot. Summ. J., at Ex. A.) As with Defendant Holland, if Defendant Patrick's actions are considered part of the hearing process then they are not grievable under paragraph F(2), and Defendant Patrick cannot raise exhaustion as a shield against suit. If they are not part of the hearing process, Defendant Patrick can raise exhaustion as an affirmative defense.

In *Dorch v. Crittenden*, the plaintiff alleged that prison officers retaliated against him by issuing "Major Misconduct Reports." *Id.* at * 2. In response to the defendants' exhaustion argument, plaintiff contended that paragraph F(2) rendered his claim non-grievable. In particular, the plaintiff asserted that because the defendants' "'issuance of the misconduct report themselves [*sic*] is inextricably intertwined with and cannot be separated from the circumstances that were ultimately the issues to be resolved through the hearing process,' the retaliation claim is nongrievable as it is an 'issue directly related to the hearing process.'" *Id.* at *3. The Court disagreed. It concluded that the very language of paragraph F(2) only renders a challenge to the hearing's *process* non-grievable. *Id.* at *4. More specifically, the Court reasoned that the three paragraph F(2) examples

> illustrate that an issue is non-grievable not because it merely relates to some fact that might be raised in the hearing process, but because it *directly* relates to the hearing *process*. Plaintiff's "issue," while sharing a factual background with the matter considered in the hearing, neither directly relates to the hearing nor relates at all to that hearing's process, unlike such procedural issues as timeliness.

*Id.*

Applying *Dorch,* this Court finds that Defendant Patrick's referral of Plaintiff's misconduct to the appropriate law enforcement agency per MDOC Policy Directive 03.03.105 is not directly related to the hearing process because it is an order given at the conclusion of the process. Therefore, Defendant Patrick can raise exhaustion as a shield.

MDOC Policy Directive 03.02.130(R) states: "Dates, times, places, and names of all those involved in the issue being grieved are to be included" in the grievance. (Dkt. 10, Def.s' Mot. Summ. J. at Ex. A). Plaintiff did not include Defendant Patrick's name in his grievance. More importantly, Plaintiff filed the grievance before Defendant Holland held the hearing on Plaintiff's misconduct. In other words, Defendant Patrick's conduct had not yet occurred at the time Plaintiff initiated the grievance process and thus, could not have been part of the grievance. Therefore, Plaintiff has failed to exhaust his administrative remedies as to Defendant Patrick and the Court recommends that he be dismissed.

Even if Plaintiff did not have to exhaust his claims against Defendant Patrick pursuant to Policy Directive 03.02.130(F)(2), Plaintiff's claims against Defendant Patrick fail on another ground. Specifically, as with Defendant Holland, there is no evidence that Defendant Patrick "approved[] or knowingly acquiesced in unconstitutional conduct." *Shehee*, 199 F.3d at 300. As such, dismissal is appropriate on this ground as well.

### F. Defendant Joseph McDaid is Entitled to Summary Judgment

It appears that Plaintiff properly exhausted his claims against Defendant McDaid. (Dkt. 10, Defs.' Mot. Summ. J., Ex. D.) However, once again, there is no evidence that Defendant McDaid engaged in or "approved[] or knowingly acquiesced in unconstitutional conduct." *Shehee*, 199 F.3d at 300.

Plaintiff asserts that Defendant McDaid violated his Eighth Amendment rights by filing a false misconduct report that resulted in 30 days detention and 30 days loss of privileges. (Dkt. 1, Pl.'s Compl.)

As a threshold matter, a prison inmate has no constitutional right to be free from being falsely accused in a misconduct report. *See Person v. Campbell,* No. 98-5638, 1999 WL 454819 at *1 (6th Cir., June 21, 1999)(unpublished); *Williams v. Reynolds*, No. 98-2138, 1999 WL 1021856, at *2 (6th Cir., Nov. 3, 1999)(unpublished). As explained by the Second Circuit:

> the prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law.

F*reeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986).[1] As discussed above, Plaintiff was afforded a hearing and the opportunity to respond to the evidence against him, and the resulting punishment did not deprive him of a protected liberty interest. (Dkt. 10, Defs.' Mot. Summ. J. at Ex. D.)

Additionally, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. Eighth Amendment claims have an "objective component"

---

[1] Plaintiff does not assert that the alleged fabrication of evidence was in retaliation for the exercise of his constitutional rights. (Dkt. 10, Defs.' Mot. Summ. J. at Ex. D.)

(i.e., "was the deprivation sufficiently serious?") and a "subjective component" (i.e., "did the officials act with a sufficiently culpable state of mind?"). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that "the deprivation alleged must be . . . 'sufficiently serious,'" which means that "the inmate must show that [s]he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated differently, a violation of Eighth Amendment rights will be found only when a prisoner is deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

Plaintiff's claim does not state an Eighth Amendment violation. The Sixth Circuit has held that "placement in segregation is a routine discomfort" of prison life. *Rhodes v. Champman*, 452 U.S. 337, 347, 69 L.Ed. 2d 59, 101 S. Ct. 2392 (19810); *Hudson v. McMillon*, 503 U.S. 1, 9, 117 L.Ed. 2d 156, 112 S. Ct. 995 (1992); *Jones v. Waller,* No. 98-5739, 1999 U.S. App. LEXIS 8734, at *4 (table) (6th Cir. May 4, 1999) ("Because placement in segregation is a routine discomfort that is a 'part of the penalty that criminal offenders pay for their offenses against society,' it is insufficient to support an Eighth Amendment claim."). As such, this Court recommends that Defendant McDaid's Motion for Summary Judgment be granted.

### G. There is No Basis for Plaintiff's Motion to Amend to Add Prosecuting Attorney Keith J. Kushion and Detective Sergeant Steve Benn

If adopted, the above recommendations would result in the dismissal of all claims against the named Defendants. Plaintiff, however, moves to amend his Complaint to add as new defendants Attorney Keith J. Kushion and Detective Sergeant Steve Benn. (Dkt.13, Pl.'s Mot. Amend.)

The Eleventh Amendment to the United States Constitution provides sovereign immunity to the States. U.S. Const. Amend. XI. A suit for monetary damages against a state employee acting

in his official capacity is the same as bringing suit against the State of Michigan.[2] *Hafer v. Melo*, 502 U.S. 21, 25, 112 St. Ct. 358, 116 L. Ed. 2d 301 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The proposed new defendant, Detective Sergeant Steve Been, is a Michigan State Police Officer. Therefore, this Court denies Plaintiff's Motion to Amend as to Sergeant Benn in his official capacity because the amendment is futile under the Eleventh Amendment.

This Court also denies Plaintiff's Motion to Amend as to Sergeant Benn in his personal capacity because, reading Plaintiff's Complaint and Motion to Amend together, Plaintiff fails to state a claim against Sergeant Benn in his personal capacity. *Id*. Plaintiff simply alleges that Benn was "the complaining witness on the felony complaint" after the misconduct hearing. (Dkt. 1, Pl. Compl.) Clearly, such an allegation does not give rise to a constitutional violation.

In addition, Prosecuting Attorney Keith J. Kushion is entitled to prosecutorial immunity. The U.S. Supreme Court has held that prosecutors sued in their personal capacities are absolutely immune from monetary damages "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Actions falling within the scope of this immunity are those "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Moreover, the Sixth Circuit has held that, because county prosecutors act as state agents when prosecuting state criminal laws, suits against them in their official capacity are to be treated as suits against the state. *Boone v. Kentucky*, 72 Fed. App'x 306 (6th Cir. 2003) (county prosecutor is arm of the state in prosecuting criminal offenses).

---

[2]Plaintiff's claim of damages includes injunctive relief against the MDOC Defendants and monetary relief against the other Defendants. (Dkt. 1, Pl's Compl.)

Plaintiff alleges that Kushion prosecuted him on behalf of the state in Gratiot County on a felon in possession charge. (Dkt. 1, Pl. Compl.) This is obviously part of Attorney Kushion's job of enforcing state laws. As such, Kushion is immune from suit in his personal capacity because the allegations only request monetary damages for Kushion's conduct in presenting the State's case. He is also immune in his official capacity because he was a state agent when he prosecuted Plaintiff under state criminal laws. Thus, this Court denies Plaintiff's Motion to Amend as to Prosecuting Attorney Keith J. Kushion because the amendment is futile under the Eleventh Amendment.

## III. RECOMMENDATION

For the following reasons, this Court recommends GRANTING Defendants' Motion for Summary Judgment, and DISMISSING Plaintiff's entire Complaint WITH PREJUDICE.

This Court also DENIES Plaintiff's Motion to Amend. (Dkt. 13.) As a result, the Court also DENIES Plaintiff's "Motion Pleading" (Dkt. 12) – seeking certain discovery – AS MOOT and without prejudice to the Motion being refiled should the District Court decline to adopt this Report and Recommendation.

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation and Order within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006)

(internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. L.R. 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. L.R. 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

            s/Laurie J. Michelson
            LAURIE J. MICHELSON
            UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 16, 2011.

            s/Jane Johnson
            Deputy Clerk